■ In the Matter of the Claim of RON DELANEY, Appellant. COMMISSIONER OF LABOR, Respondent. [679 NYS2d 755] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 16, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

In July 1994 claimant, a correction officer, was charged with criminal mischief. Although this charge subsequently was adjourned in contemplation of dismissal, the employer brought disciplinary charges against claimant in August 1994 as a result of this incident. Thereafter, in October 1994, claimant entered into a disciplinary settlement agreement, pursuant to the terms of which he was placed on probation for a one-year period. Additionally, the agreement provided that claimant could be terminated without further appeal in the event that the employer determined that he subsequently engaged in misconduct "the same or similar to" that outlined in the August 1994 notice of discipline.

In July 1995, claimant was charged with harassment in the second degree and his probationary period was extended until October 1996. Thereafter, in January 1996, claimant again was charged with harassment in the second degree and, in March 1996, claimant was charged with menacing. As a result of these incidents, the employer determined that claimant indeed had violated the terms of the disciplinary settlement agreement and, accordingly, terminated his employment in April 1996. Claimant's subsequent application for unemployment insurance benefits proved unsuccessful, prompting this appeal.

We affirm. Contrary to claimant's contention, there is ample evidence in the record to support the Unemployment Insurance Appeal Board's decision that he was disqualified from receiving benefits because his employment was terminated due to misconduct. Even disregarding the documentary evidence introduced at the hearing, which claimant regards as unreliable hearsay, claimant's own testimony, wherein he admits that he was subject to criminal charges as a result of the January 1996 and March 1996 incidents and details the circumstances surrounding those events, provides substantial evidence to support the Board's decision. As claimant's conduct plainly violated the terms of the disciplinary settlement agreement and was detrimental to the employer's interest, the Board's decision must be affirmed (*see, e.g., Matter of Rose [New York City Dept. of Social Servs.—Hudacs]*, 190 AD2d

926). Claimant's remaining contentions, including his claimed procedural violations, have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.