■ In the Matter of the Claim of LARRY N. DUNCAN, Appellant. COMMISSIONER OF LABOR, Respondent. [724 NYS2d 540] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was suspended from his employment as an electric trolley crane operator and, as part of his reinstatement, he agreed to submit to random drug testing and acknowledged that he would be immediately terminated without recourse for violation of any of the employer's rules or regulations. Shortly after being reinstated, claimant tested positive for the use of cocaine. Inasmuch as claimant violated the terms of the agreement and his conduct was detrimental to the employer's interest, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that he was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct (*see, Matter of Delaney [Commissioner of Labor]*, 255 AD2d 635; *Matter of Prior [Commissioner of Labor]*, 254 AD2d 669). Although the employer had a policy concerning substance abuse addiction which did not include immediate termination, claimant nevertheless agreed to such a condition as part of his reinstatement.

Mercure, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.